IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CRIMINAL NO. G-05-05 |
| | § |
| KEITH RAY TEAGLE | § |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

The Magistrate Judge has submitted his Report and Recommendation recommending that that the "Motion to Reduce Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)" of Defendant-Movant Keith Ray Teagle, be denied; Teagle filed timely objections.

The Magistrate Judge found, *inter alia*, that Amendment 709 to the United States Sentencing Guidelines, effective November 1, 2007, was not retroactively applicable to the criminal history determination relative to Teagle's sentence. In his objections, Teagle raises a new argument on this issue. Teagle asserts that the Amendment simply clarified the proper application of § 4A1.2(a)(2) without substantively changing it and is, therefore, a proper basis for his motion. See United States v. Aguilera-Zapata, 901 F.2d 1209, 1213-14 (5th Cir. 1990) (Where amendment is intended only to clarify the guideline's application, it may be considered "even though it was not effective at the time of the sentencing in question.")   But the Fifth Circuit has rejected Teagle's argument. In United States v. Meza, 250 Fed. Appx. 651, 655-56 (5th Cir. 2007), the Court found that Amendment 709 "substantively changes § 4A1.2(a)(2)" and that it could not, therefore, be applied retroactively on appeal to Meza's sentence. Other courts that have considered this issue have reached the same conclusion. United States v. Goden, 522 F.3d 133, 136 (1st Cir. 2008) (Amendment 709 "was substantive and not retroactive" for purposes of

Goden's appeal.); United States v. Wood, 526 F.3d 82, 88 (3ᵈ Cir. 2008) ("the amended version of § 4A1.2(a)(2) effects a substantive change and, therefore, we will not apply it retroactively to Wood's sentence" on appeal.); United States v. Marler, 527 F.3d 874, 878 (9ᵗʰ Cir. 2008) ("The 2007 Amendment...was a substantive change, not a clarifying change, and it does not apply retroactively" on appeal.)  In fact, this Court has found no case holding to the contrary. Consequently, the Court will not apply the 2007 Amendment of § 4A1.2(a)(2) retroactively to Teagle's § 3582 (c)(2) Motion for a sentence reduction.

After *de novo* review, the Court finds that the Magistrate Judge's Report and Recommendation is legally and factually correct and it is accepted and adopted.

It is, therefore, **ORDERED** that for the reasons stated by the Magistrate Judge in his Report and Recommendation, as supplemented by this Opinion and Order, the "Motion to Reduce Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)" (Instrument no. 92) of Keith Ray Teagle is **DENIED**.

**THIS IS A FINAL APPEALABLE ORDER.**

SIGNED at Houston, Texas, on this ___2nd___ day of ___July___, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT